# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ERIC A. BOYD**
        **Petitioner,**

    **v.**                                     **Case No. 09-C-0290**
                                              **(Criminal Case No. 94-CR-52)**

**UNITED STATES OF AMERICA**
        **Respondent.**

## ORDER

Petitioner Eric Boyd moved under 28 U.S.C. § 2255 to vacate his 1994 convictions of armed bank robbery and use of a firearm during a crime of violence. I dismissed the action as untimely, and petitioner filed a notice of appeal, which requires me to determine whether to issue a certificate of appealability ("COA"). See Fed. R. App. P. 22(b).

## I. COA STANDARD

In order to obtain a COA, petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quote marks omitted). Where the district court has rejected the petitioner's constitutional claims on the merits, "the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. When the district court

denies a motion on procedural grounds a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Id.; see also Young v. United States, 523 F.3d 717 (7th Cir. 2008).

## II. FACTS AND BACKGROUND

In June of 1994, a jury convicted petitioner of three counts of armed bank robbery, 18 U.S.C. § 2113, and three counts of use of a firearm during a crime of violence, 18 U.S.C. § 924(c), and Judge Thomas Curran sentenced him to a total of 650 months in prison.[1] The Seventh Circuit affirmed petitioner's convictions on direct appeal on June 14, 1996, United States v. Boyd, 86 F.3d 719 (7th Cir. 1996), and the Supreme Court denied certiorari on May 19, 1997, Boyd v. United States, 520 U.S. 1231 (1997).

Petitioner filed the instant § 2255 motion on March 16, 2009, arguing that his trial lawyer provided ineffective assistance of counsel by failing to present testimony from an alibi witness, Yoka Slaughter. With the motion, petitioner filed a sworn declaration from Slaughter, in which she indicated that petitioner was with her when two of the robberies were committed. Petitioner claimed that he told his trial counsel about Slaughter, but counsel failed to interview her or present her testimony at trial. The government contacted petitioner's lawyer for purposes of preparing its response, learning that he had retired, moved to another state, and had no recollection of these events and no file or notes to refresh his recollection.

---

[1]The case was subsequently re-assigned to me on Judge Curran's retirement.

2

Case 2:09-cv-00290-LA    Filed 12/11/09    Page 2 of 5    Document 19

## III.  DISCUSSION

I will assume, arguendo, that petitioner has made a substantial showing of the denial of his Sixth Amendment rights.  See, e.g., Washington v. Smith, 219 F.3d 620, 629-30 (7th Cir. 2000) (finding ineffective assistance when counsel failed to produce a critical alibi witness at trial).  However, reasonable jurists would not debate the correctness of my procedural ruling. Petitioner's conviction was final for nearly twelve years by the time he filed his § 2255 motion. A one-year limitation period applies to § 2255 motions, running from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Relying on § 2255(f)(4), petitioner argued that he was only recently able to locate Slaughter and could not file his motion until he did so.  Assuming that it was necessary to first locate Slaughter before filing the motion, as I explained in the Order denying the motion, petitioner failed to make reasonable efforts to do so.  See Anjulo-Lopez v. United States, 541 F.3d 814, 818 (8th Cir. 2008) ("[Section 2255] does at least require that a prisoner make reasonable efforts to discover the facts supporting his claims.").

Petitioner sent his brother, Gary Boyd, to Slaughter's apartment, finding that she no longer lived there.  With no money to hire an investigator, he then relied on his mother, Mary

3

Boyd, to find Slaughter by periodically phoning an information service. Her attempts to locate Slaughter in this fashion started in the winter of 1997, and she made her last unsuccessful attempt in November or December 2007. Petitioner also enlisted the help of his friend Macio Lindsey to find Slaughter, but he too was unsuccessful. In his declaration, Lindsey indicated that he met petitioner in prison in March 2003. After petitioner told him about Slaughter, Lindsey asked his girlfriend and sister to conduct internet and telephone information searches. Lindsey indicated that because of their work and school schedules, the two women "could not conduct an isolated and exhaustive search" for Slaughter, and that their attempts were "sporadic, yet consistent." (Motion Ex. C ¶ 6.) Lindsey stated that these efforts spanned from June 2003 to December 2007.[2]

As I explained in denying the motion, while the circumstances of petitioner's confinement and his family's lack of resources may have limited his ability to investigate, see Montenegro v. United States, 248 F.3d 585, 592 (7th Cir. 2001), overruled on other grounds by Ashley v. United States, 266 F.3d 671 (7th Cir. 2001), sporadic internet searches and calls to information over the course of a decade do not constitute due diligence. Petitioner did not attempt to correspond with Slaughter by mail; nor did he or those acting on his behalf make any effort to locate Slaughter through her family, friends, employer or landlord. Nor did they make any effort to check public records. As the government noted in its response, court records, including from this district, showed where Slaughter lived during the relevant time. She filed for bankruptcy in the Eastern District of Wisconsin in 1998, Case No. 98-27782, providing an address of 5208

---

[2]Petitioner indicated that in March 2008 his brother Gary fortuitously encountered Slaughter at the Grand Avenue mall, and she then agreed to sign an affidavit indicating that petitioner was with her at her apartment when the banks were robbed.

4

North 27th Street in Milwaukee. That same year, she filed a civil lawsuit in Milwaukee County Circuit Court, Case No. 1998-CV-000211, listing the same address. The government indicated that according to Accurint, a public records data base, Slaughter lived at 5208 North 27th Street from 1995 to 2006. Given the limited efforts set forth in petitioner's papers, and the relative ease with which this allegedly critical witness could have been located through public records, I found that petitioner did not exercise due diligence. Reasonable jurists would not debate this conclusion.

### IV. CONCLUSION

**THEREFORE, IT IS ORDERED** that petitioner's implied request for a COA is **DENIED**.

Dated at Milwaukee, Wisconsin this 10th day of December, 2009.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge